IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ATAIN SPECIALTY INSURANCE      )
COMPANY,                       )
                               )
        Plaintiff,             )
                               )
v.                             )      CASE NO. CV417-084
                               )
MICHAEL ROBERTS; MICHAEL ROBERTS )
CONSTRUCTION, LLC; JOHN TERRY  )
DISMUKES, III; CHRIS WOOD; and )
MEREDITH WOOD;                 )
                               )
        Defendants.            )
_____)

## O R D E R

Before the Court is Plaintiff's Complaint. (Doc. 1.)
However, the jurisdictional allegations contained in the
complaint are insufficient to establish complete diversity
between the parties. Accordingly, Plaintiff is **DIRECTED** to file
an amended complaint within fourteen days from the date of this
order listing all members of Defendant Michael Roberts
Construction, LLC ("MRC").

The party invoking this Court's diversity jurisdiction
bears the burden of adequately pleading complete diversity. See
28 U.S.C. § 1332; Ray v. Bird & Son Asset Realization Co., 519
F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading

_____

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.
1981) (en banc), the Eleventh Circuit adopted as binding

diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Furthermore, the general allegation that no member of an LLC is a Georgia citizen is insufficient for defendants to carry their burden of establishing complete diversity between the parties. Ray, 519 F.2d at 1082.

In this case, the complaint does not include a list of the individual members, along with their citizenships, of Defendant Michael Roberts Construction, LLC. The notice merely states that "Michael Roberts Construction, LLC ("MRC") is a limited liability company organized and existing under the laws of Georgia." (Doc. 1 ¶ 4.) While the complaint does state that MRC's member is Defendant Michael Roberts, it does not state that Defendant Roberts is the only member of MRC. (Id.) In fact,

---

precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

the complaint suggests that MRC may have multiple members. (Id. ("Upon information and belief, all members of MRC are Georgia citizens.)) As· discussed above, this is not sufficient to establish complete diversity. Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within fourteen days from the date of this order listing all members of Defendant MRC and their citizenships.[2] All other deadlines in this case will remain unchanged.

SO ORDERED this __3RD__ day of August 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Plaintiff's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.